# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNHCBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 6:05cr00031-1 |
| | ) | |
| v. | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| **JAMES WILLIAM LANG.** | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner James William Lang, a federal inmate proceeding pro se, filed this "Motion to Correct Sentence Pursuant to Federal Rules of Civil Procedure Rule 60(b)" which the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. By previous order, the court notified Lang of the court's intention to construe and address his petition as a § 2255 motion, unless he expressly objected within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). At the same time, the court notified Lang that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Lang did not object to the court's construction but did respond on the issue of timeliness. The court finds that Lang's motion is barred by the one-year state of limitations for filing a § 2255 motion, and, therefore, dismisses his motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

**I.**

On April 3, 2006, after pleading guilty, the court convicted Lang of conspiring to distribute methamphetamine and cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 (Count 2), possession with intent to distribute cocain, in violation of 21 U.S.C. § 841 (Count 3), possession with intent to

distribute marijuana, in violation of 21 U.S.C. § 841 (Count 4), use of a firearm in during and in relation to a drug trafficking offense, in violation fo 18 U.S.C. § 924(c) (Count 5), possession with intent to distribute methamphetamine and while on release pending judicial proceedings, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 3147(1) (Count 6), and possession with intent to distribute cocain and while on release pending judicial proceedings, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 3147(1) (Count 7). The court sentenced Lang to a total term of 228 months incarceration. Part of his sentence included a 60-month sentence (as to Count 5) ordered to run consecutively to all other sentences, and two 60-month sentences (as to Counts 6 and 7), with 24 months of each sentence ordered to run consecutively to all other sentences. Lang did not appeal.

Lang filed his current § 2255 motion on September 24, 2010 and argues that his sentence as to Count 5 (the § 924(c) conviction) should not run consecutively to all others. In support of his claim, Lang argues that United States Court of Appeals for the Sixth Circuit held in United States v. Almany, 598 F.3d 238 (6th Cir. 2010), that the court is "forbid[den]" from running his § 924(c) sentence consecutive under the circumstances of his case. Lang concedes, however, that this is not the law in the Fourth Circuit, where this court sits and where Lang was convicted.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See § 2255(f). Lang argues that his motion is timely filed because he could not have discovered the

facts of his claim until March 2010 when the Sixth Circuit decided Almany. However, even if Lang's interpretation and application of Almany are correct, the case is not controlling on this court. Lang concedes that there is no law making his sentence unconstitutional that would apply in this circuit, but argues that the law in the Fourth Circuit is "grossly unfair." Accordingly, the court finds that Lang's claim should have been filed within one year of the date his conviction became final. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Accordingly, Lang's conviction became final on April 17, 2006, when his time to file an appeal expired. Therefore, a timely § 2255 motion would have to have been filed by no later than April 17, 2007. Inasmuch as Lang filed his petition more than 1,256 days after the time period expired, the court finds that his motion is untimely filed. Moreover, Lang has not demonstrated any grounds for equitable tolling and, thus, the court dismisses his motion.

### III.

For the reasons stated, the court dismisses Lang's § 2255 motion to vacate, set aside, or correct sentence as untimely. The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This ____15th____ day of November, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE